U.S. Bankruptcy Court
Eastern District of Michigan
Northern Division

In re:   Kathy Smith & Theodore Visner          Case No: 10-23064-dob
                                                Chapter 7
                                                Hon. Daniel Opperman

## Notice of Intent to Sell / Take Possession Pursuant to §362(b)(22)

NOW COMES creditor Shelly Sweet, through her attorney, Bruce K. Havens who states as follows:

1. Creditor Shelly Sweet and debtor Kathy Smith entered into a verbal month-to-month tenancy in December, 2009, regarding a residence owned by creditor located at 829 E Walton Road, Mount Pleasant, MI 48858.

2. Debtor was served with a Notice to Quit/Termination of Tenancy on July 19, 2010, due to unpaid rent.

3. In late July, 2010, debtor was served with a Complaint to Terminate Tenancy. Debtor was ordered to appear at a hearing in the Isabella County Trial Court on September 7, 2010.

4. Debtor filed her bankruptcy on August 10, 2010. The debtor identified her physical address on her petition as 7787 E Fremont Road, Blanchard, MI 49310. Debtor also scheduled a debt owed creditor in the amount of $5,000 for "July/August rent, etc".

5. As of the time of filing, it is believed that debtor had vacated the residence leased from creditor.

6. A hearing was held on the Complaint in the Isabella County Trial Court on September 7, 2010. Creditor was represented by counsel who disclosed to the court that a bankruptcy had been filed by debtor. Counsel also indicated that it appeared that the premises had been vacated. Debtor's bankruptcy counsel, Ms. Lesley Hoenig also appeared but the debtor did not. No objection was raised as to the courts proceeding with the matter. The Court entered a Judgment of Possession by default on September 7, 2010. Debtor, in pro per, has subsequently filed a Motion to Set Aside the Default Judgment. A hearing on the motion is scheduled for September 28, 2010.

7. The Judgment of Possession provided that "An order evicting you will be issued on or after 9/17/10 unless you move". No Order of Eviction has been sought by the creditor as the debtor has moved.

8. A §341 examination was held on September 15, 2010. The debtor testified that she had vacated the residence leased from creditor.

9. Under §362(b)(22), the eviction of a debtor from residential property is not stayed by §362(a)(3) if the lessor has obtained a Judgment of Possession.

10. Under §362(b)(22), a debtor may obtain an automatic stay by filing and serving the lessor with a certification. No such certification has been filed or served.

11. Debtor has not provided any adequate protection to creditor.

12. That the real property subject to the rental agreement is in foreclosure.

13. That a purchase agreement regarding the property requires creditor give possession on September 30, 2010.

14. Creditor's realtor inspected the property on September 10, 2010. His report is attached as Exhibit A.

15. That creditor desires to make her intentions clear as follows:

    a. That she intends to take possession of the property as of 7:00 a.m. on Sunday, September 26, 2010.

    b. That any personal property remaining in the premises on that date and time will be deemed abandoned by the debtor and trustee and will be disposed of.

Dated: September 20, 2010                     */s/Bruce K. Havens*
                                              Bruce K Havens (P-38718)
                                              306 N Fancher Street
                                              Mt Pleasant, MI  48858
                                              (989) 773-5422
                                              havenslaw@gmail.com